EDWARD MILLER, ADMINISTRATOR, APPELLEE, V. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, APPELLANT.

FILED MAY 14, 1915.   No. 18072.

1. **Master and Servant**: DEATH OF SERVANT: NEGLIGENCE: PROOF. In an action to recover for the death of a servant, alleged to have been caused by the negligence of the master, the plaintiff is required to prove at least one or more of the alleged negligent acts set forth in his petition.

2. **Evidence** examined, its substance stated in the opinion, and *held* to be insufficient to sustain a judgment for the plaintiff.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Reversed.*

*Byron Clark, Jesse L. Root* and *E. C. Strode,* for appellant.

*Mahoney & Kennedy, contra.*

BARNES, J.

Action by the administrator of the estate of Frank J. Miller against the Chicago, Burlington & Quincy Railroad Company to recover for the pecuniary loss sustained by decedent's next of kin by reason of his death. It was alleged in plaintiff's petition that the defendant was guilty of negligence in allowing a heavy metal lamp to fall from the cab of the engine on which decedent was working as a fireman; that the lamp struck him on the head and knocked him off the engine, thereby causing his injuries and death. This ground of negligence was abandoned, and the negligence on which the cause was submitted to the jury was stated in plaintiff's petition, in substance, as follows: That Frank J. Miller was employed by the defendant as a locomotive fireman, and was discharging his duties on an engine operated by defendant in handling interstate commerce between Sioux City, Iowa, and Laketon, Nebraska; that prior to the 10th day of February, 1912, defendant had carelessly and negligently permitted its track and

roadbed, including the Y's and switches thereof, to be and become uneven, loose and unsafe, particularly in and about Laketon, Nebraska; that on that day, while plaintiff's decedent was engaged in the discharge of his usual duties as locomotive fireman on engine number 1236, and while exercising all due care and caution on his part, and wholly without negligence of any character whatsoever on his part, the defendant ran said engine at a high and dangerous rate of speed over its tracks, including the south Y switch at Laketon, Nebraska, which tracks, switches and Y's had been carelessly and negligently permitted to become uneven and unsound, loose and unsafe, thereby negligently rocking and jolting said engine so that said Miller was caused to fall from said engine, and by reason thereof was killed. The defendant by its answer denied the allegations of negligence contained in the petition, and alleged: "The injury to and the death of said Frank J. Miller were due wholly to and caused solely by his own carelessness and negligence, and without any carelessness and negligence on the part of the defendant." The reply was a general denial. Trial in the district court for Douglas county resulted in a verdict for the plaintiff, and the defendant has appealed.

Appellant contends, among other assignments of error, that the verdict and judgment are not sustained by the evidence, and this contention is the only one which will be considered. It appears that Frank J. Miller, while employed as a fireman on locomotive number 1236 belonging to the defendant railroad, which locomotive was pulling a train of empty ice cars going north to Sioux City, Iowa, fell from his engine near Laketon, Nebraska, and was killed. The head brakeman on the train was a witness for plaintiff, and described the accident, in substance, as follows: The last time I saw Miller before the accident he was standing in the gangway of the engine cab, which is the place where the fireman stands and does his work. This was about three or four minutes before he received his injury. I heard something crack, and I looked around and saw Miller fall out of the gangway. When I saw him he

was going out of the gangway between the engine and the cab. He seemed to be whirling. His left side was to the west and turned to the right. He just kind of slid out level. He tipped out and dropped level to the ground. His hands were not raised above his head. He struck the ground about the back end of the tank and about three or four feet from the rail. His head was south and his feet to the north, parallel to the track. He struck right on his face. The rails at that point were 75-pound rails. The roadbed was cinder or cinder ballast. The speed of the train was about 20 miles an hour. The train was stopped, and I went back and picked Miller up. He was unconscious, and was bleeding from the left side of his head.

One J. J. Sullivan, an old Union Pacific engineer, was called as a witness for the plaintiff, and, after qualifying himself as an expert engineer, testified that during his experience as an engineer in the early seventies or eighties, he had driven locomotives over rails of the weight of about 75 pounds; that such rails were considered light in comparison with the rails of to-day; that unless conditions were very good it would be serious to operate locomotives at a high rate of speed over switches when they were placed on a cinder roadbed; that in such case there would ordinarily be a sudden lurch; that the lurch would be at the highest speed and it would be on the side of a low joint; that cinder tracks are more or less spongy, and that a schedule on that sort of a road ought not to be over 15 miles an hour. On cross-examination the witness refused to say at what stations it would be dangerous, but said that in certain places it might be dangerous to run 20 miles an hour, because there is a certain moisture in the roadbed. The plaintiff's witness who saw the deceased fall out of the cab does not testify that there was at that time any lurch of the engine that caused him to fall, and there is no witness who so testified, and there is consequently no direct evidence that the lurching of the engine caused the deceased to fall. The plaintiff's contention is that if they show that there might be a lurching of the engine, and that there would naturally be some lurching,

and that this was caused by the negligence of the defendant, then the burden would be upon the defendant to show that the accident was caused in some other way. This would be true if the nature of the circumstances was such as to preclude any more accurate evidence, but if this engine was lurching excessively, and particularly if a sudden lurch of the engine at that time caused the deceased to fall, that fact might easily be proved by the witness who testified for plaintiff in the case, and the fact that he did not so testify would seem to negative the contention of the plaintiff that the accident was caused by a sudden lurch of the engine.

The foregoing is the substance of plaintiff's evidence. The defendant requested the court to direct a verdict in its favor. The motion was overruled. No evidence was introduced by the defendant, and the jury returned a verdict for plaintiff for $5,000, on which the court rendered judgment. There is no evidence in the record of the condition of the defendant's roadbed. There was no testimony introduced in any manner relating to the weight, condition or equipment of the defendant's engine. There was no evidence introduced showing or tending to show any defect in the defendant's track or switches, or that there was a low joint at the place where the accident occurred. As we view the record, the verdict of the jury must have been based on mere conjecture. It seems clear that the plaintiff failed to produce sufficient evidence to show actionable negligence. The judgment of the district court is therefore reversed and the cause remanded for further proceedings.

REVERSED.